IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION



RICHARD N. GARRIES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 4:08cr50
CRIMINAL NO. 4:13cv30

**OPINION & ORDER**

This matter comes before the Court on Richard N. Garries' ("Petitioner") Motion to Vacate, Set Aside or Correct a Sentence ("§ 2255 Motion") filed pursuant to Title 28, United States Code, Section 2255. For the reasons set forth in this Opinion, the Court **DENIES** Petitioner's Motion to Vacate, ECF No. 154.

### I. FACTUAL AND PROCEDURAL BACKGROUND

A federal grand jury returned a second superseding indictment against the Petitioner on April 14, 2009, charging him with a Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts 2- 5); Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Counts 6 - 13); Money Laundering, in violation of 18 U.S.C. §§ 1956 and 2 (Counts 14 - 20); Structuring Financial Transactions, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2) (Count 21); and Making Materially False Statements to an Agent of the United States, in violation of 18 U.S.C. § 1001 (Counts 22 - 24). Prior to trial, the government filed its Notice of Intent to introduce 404(b) evidence. ECF No. 51.

1

The jury trial commenced on May 6, 2009, and after calling 26 witnesses and introducing over 300 exhibits, the government rested. Tr. 1286 - 1303. The Petitioner's Rule 29 motion was denied by the Court and the defense rested after three days of evidence including the defendant's testimony. The Petitioner renewed his Rule 29 motion, which was again denied, and the case was given to the jury. Tr. 1752. On May 20, 2009, the jury found Garries guilty on all twenty-four counts of the second superseding indictment.

On October 13, 2009, the Court overruled Petitioner's objections to the pre-sentence report, and imposed a sentence of 240 months on Counts 1 - 20 to run concurrently, 120 months concurrent on Count 21, and 60 months concurrent on Counts 22 - 24. ECF No. 119. The Court explained and justified its sentence. Sentencing Transcript (hereinafter "Sent. Tr.") at 60-71. Petitioner's timely notice of appeal was filed the same day. ECF No. 120.

On October 25, 2011, the Fourth Circuit, in an unpublished opinion, rejected Garries' claims and affirmed his convictions. *United States v. Garries*, 452 Fed.Appx. 304 (4th Cir. 2011). His petition for certiorari was denied by the Supreme Court on March 5, 2012. *Garries v. U.S.*, 132 S.Ct. 1728 (2012).

On March 4, 2013, the instant § 2255 Motion was filed. After various motions were submitted to and dispensed with by the Court, the § 2255 Motion became ripe for decision when the Government filed its Response in Opposition on September 23, 2013, and Petitioner filed his reply to the Government's response on October 15, 2013.

## II. LEGAL STANDARD

Collateral review created by 28 U.S.C. § 2255 allows a prisoner in federal custody to challenge the legality of a federal sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing Court lacked jurisdiction; (3) the sentence imposed was in excess of the maximum amount authorized by law;

2

or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. On such grounds, the petitioner may move the court to vacate, set aside, or correct a sentence. The Supreme Court has held that a motion § 2255 is the appropriate vehicle by which a federal prisoner may challenge both a conviction and the post-conviction sentence. *Davis v. United States*, 417 U.S. 333, 343–44 (1974).

A district court may dismiss a petitioner's § 2255 motion without a hearing in several clearly defined circumstances. The statute provides that, "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney [and] grant a prompt hearing thereon . . . ." 28 U.S.C. § 2255. Thus, as a corollary, a court may dismiss a § 2255 motion if it is clearly inadequate on its face and if the petitioner would not be entitled to relief even assuming the facts alleged in the motion are true. Where the record refutes a petitioner's allegations, dismissal is appropriate. Likewise, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. *See Green v. United States*, 65 F.3d 546, 548–49 (6th Cir. 1995) (finding an evidentiary hearing unnecessary because all claims by petitioner alleged legal errors).

When filing a § 2255 petition to vacate, set aside, or correct a sentence, a petitioner "bears the burden of proving his grounds for collateral attack by a preponderance of the evidence." *Hall v. United States*, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). A motion under § 2255 may not, however, "do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, any matter that could have been asserted either at trial or on appeal but was not so asserted is not appropriate for review on motion under § 2255

without a showing of "cause" sufficient to excuse the double procedural fault and "actual prejudice" resulting from the error. *Id.* at 167–68; *see also Wainright v. Sykes*, 433 U.S. 72 (1977); *Davis*, 411 U.S. at 241–43 ("We believe that the necessary effect of the congressional adoption of [Fed. R. Crim. P. 12] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires."). A showing of "actual prejudice" requires a petitioner to establish that the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 116 (2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993)).

## III. ANALYSIS

Petitioner asserts nine grounds for vacating his sentence. Eight of the grounds relate to claims of ineffective assistance of trial and/or appellate counsel, while the ninth claims that the Government improperly withheld evidence. All nine grounds can be resolved without a hearing as there is no legal basis for any of them. Since there is no legal support for any of the grounds contained in the § 2255 Motion, that motion must be denied.

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).

First, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. To show that defense counsel's performance was objectively unreasonable, the petitioner must articulate specific acts or omissions whereby counsel's performance fell "outside the wide range of professionally competent assistance." *Id.*, 466 U.S. at 690. When reviewing the propriety of these alleged acts or omissions, courts must give substantial deference to defense counsel's strategic judgments. *Id.* at 689-690.

4

Second, the petitioner must show that he was prejudiced by counsel's deficient performance, in that it is "reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Harrington v. Richter*, 131 S. Ct. 770, 791-92 (2011) (citing *Strickland*, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." *Id.* (citing *Strickland*, 466 U.S. at 693).

A petitioner's failure to satisfy either prong of the *Strickland* test renders it unnecessary for a reviewing court to consider the other element. *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004).

### 1. Ground One – Merger

The first ground that Petitioner asserts in his § 2255 Motion is that his money laundering convictions on Counts 14-20 of the second superseding indictment fall under the merger problem that was identified in *United States v. Santos*, 553 U.S. 507, 517 (2008), and that his counsel was ineffective for failing to raise that issue. *Santos*, in a 4-1-4 plurality opinion, found that a defendant's money laundering convictions merged with his illegal gambling convictions. The Supreme Court determined that, in order to effectuate the intent of Congress, it was necessary to interpret "proceeds" in 18 U.S.C. § 1956(a)(1) to mean "profits" of the criminal enterprise and not the payment of essential expenses of operating the business.

The Fourth Circuit, in *United States v. Halstead*, 634 F.3d 270 (4th Cir. 2011), interpreted *Santos* to hold that whether or not a merger problem exists in contexts of money laundering and illegal criminal activity (besides illegal gambling) is to be determined on a case-by-case basis. *Halstead* at 279. Petitioner relies on the subsequent case of *United States v. Cloud*, 680 F.3d 396 (4th Cir. 2012), in support of his contention that his money laundering counts should have merged with his mail and wire fraud convictions as well as his conviction for currency structuring. *Cloud* was not decided, however, until after entry of final judgment in

5

Petitioner's case and therefore his counsel could not have been ineffective for failing to raise any arguments that *Cloud* may or may not have afforded Petitioner.

Regardless, even if Petitioner could rely on *Cloud* he would not find any relief provided therein. The ultimate question in addressing merger problems under *Santos* and its progeny is whether or not the defendant was "convicted of money laundering for paying the 'essential expenses of operating' the underlying crime." *Cloud*, 680 F.3d at 406 (quoting *Halstead*, 634 F.3d at 279). In *Cloud*, such a merger problem existed where the defendant's money laundering convictions were "based on payments to recruiters, buyers, and other coconspirators for the role each person played in the mortgage fraud scheme." *Id.* In the instant case, there was no merger problem because Petitioner's money laundering convictions were not based on payment of the essential expenses of his mortgage fraud scheme.

Petitioner was found guilty of seven counts of money laundering (Counts 14-20 of the second superseding indictment). Counts 14-16 involved the use of proceeds from prior fraudulent activities to perpetrate further fraudulent transactions. Because those payments were used to commit additional, separate crimes apart from the fraud transactions that Petitioner was convicted of (from which those proceeds were derived), they cannot be considered to have been the payment of "essential expenses." Counts 17-20 involved funds derived from the mortgage fraud being paid directly to Petitioner or to bank accounts under his control. Under the *Halstead* analysis this clearly avoids any merger problem because the fraud is complete by the time the Petitioner was paying himself from the fraudulent proceeds. *See Halstead*, 634 F.3d at 280-281.

It is clear that under the *Santos* framework Petitioner's money laundering convictions cannot merge with any of his other convictions. This is the case even if he could avail himself of *Cloud's* extension of *Santos* to money laundering in the context of mortgage fraud. Since the

merger claims of Petitioner have no legal merit, there is no way that his counsel could have been ineffective in not raising them at trial or on appeal.

### 2. Ground Two – Grouping of Counts

Petitioner next argues that he received ineffective assistance of counsel when his counsel failed to object to Count 21 being grouped separately from other counts in the Pre-Sentence Report ("PSR"). However, Petitioner fails to provide any meaningful argument as to why this would be so. Petitioner baldly asserts that his counsel was ineffective for failing to object to the PSR because Count 21 involved substantially the same harm as other counts. He does not provide any justification for his argument other than citing *Glover v. United States*, 531 U.S. 198 (2001). *Glover* is irrelevant in this context. That case held that an in increase in a prison sentence would constitute required prejudice, assuming *arguendo* that the increase resulted from a sentencing error in the first place. Here, there is nothing that leads this Court to believe that an error was made in grouping Count 21 on its own and, therefore, *Glover* is inapplicable.

Even applying a liberal construction to Petitioner's allegations does not afford him any relief. Section 3D1.2 of the Sentencing Guidelines dictates that "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." "Substantially the same" is defined to include:

> (a) When counts involve the same victim and the same act or transaction.
>
> (b) When counts involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan.
>
> (c) When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
>
> (d) When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in

7

nature and the offense guideline is written to cover such behavior.

U.S.S.G. § 3D1.2.

Count 21 concerned currency structuring, whereas Counts 1-20 and 22-24 involved fraud, money laundering, and false statements. The transactions involved between Count 21 and the other counts were different transactions, there were different victims involved with the different counts, the different groups produced different loss amounts, and the transactions were not continuous conduct within a larger transaction. Therefore, there was no error in the Court's keeping Count 21 separate from the other counts and Petitioner's counsel was not ineffective for not challenging the grouping of the counts.

### 3. Ground Three – Search and Seizure of Evidence

Petitioner's third ground for vacating his sentence rests on the alleged incompetence of his counsel in failing to seek suppression of evidence obtained via a search and seizure of his trash. In support of that ground Petitioner offers a severely flawed and poorly applied Fourth Amendment analysis combined with a dubious, if not disingenuous, description of the circumstances of the search.

Agent Crain testified during trial that she found Petitioner's trash "on a curb in the back alley" behind Petitioner's home. Evidence obtained from that search led to a warrant being issued to search the home and ultimately produced incriminating evidence that was introduced at trial. Petitioner argues that Agent Crain trespassed on private property in accessing the trash and therefore conducted an illegal search. Consequently, he then argues that his counsel was ineffective in not attempting to suppress the evidence that was produced by that search.

Petitioner contends that there was in fact no curb for the trash to be situated on and that the alley was a private road. Petitioner is attempting to argue semantics. In support of his § 2255 Motion he submitted to the Court a map of his property, some photographs of the area

8

behind his house, and a letter of suspicious authenticity purporting to be from the vice-president of the local homeowners association. None of those documents disturb the incontrovertible fact that Petitioner had abandoned the trash in question in the alley behind his house to be picked up by waste management personnel. As such, the Supreme Court's decision in *California v. Greenwood* clearly supports the legality of Agent Crain's search and there is no conceivable way in which Petitioner's counsel was ineffective in failing to challenge the search. Despite his vigorous assertions, Petitioner's legal and factual bases for this Ground are erroneous.

### 4. Ground Four – Confrontation of Witnesses

Petitioner also claims that his trial counsel was ineffective by not objecting to the testimony of certain witnesses and his appellate counsel was ineffective for failing to address the lack of objection on appeal. In particular, he asserts that William Randall, Christopher Kelly, and Tanya Wilson-Orr testified improperly at trial about loan documents that they themselves had not underwritten. After reviewing the testimony, this Court finds that those witnesses only testified to things that they knew (e.g. the general procedures for underwriting loans) and that trial counsel effectively cross-examined those witnesses. Therefore, there was nothing for Petitioner's trial counsel to object to and there was nothing for his appellate counsel to appeal.

### 5. Ground Five – Obstruction of Justice Enhancement

Petitioner also asserts that his appellate counsel was ineffective for failing to challenge the obstruction of justice sentencing enhancement. In support of his assertion he argues that the Court failed to make the "finding that clearly establishes each of the three elements" of obstruction of justice as required under *United States v. Perez*, 661 F.3d 189, 193 (4th Cir. 2011). *Perez* was decided after entry of final judgment in Petitioner's case and so is not relevant to whether or not his counsel was ineffective. However, as was the case with *Cloud* on Ground One, even affording Petitioner consideration under the more strict analysis in *Perez* offers no

9

support for his position. The three elements that must be found for an obstruction of justice enhancement to apply are that the witness provided (1) false testimony (2) concerning a material matter (3) given with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory). *United States v. Smith*, 62 F.3d 641, 646-47 (4th Cir. 1995). At sentencing the Court made the following finding:

> I listened to this trial. There's a volume of information there. There isn't much question that Mr. Garries is a predator, . . . He's a good talker. He could probably sell ice to Eskimos. No question about that. He should have been a salesperson. If he stuck to being a salesperson he'd have made a fortune, because he's an excellent talker. *But he couldn't talk the jury out of convicting him. And he tried.* And he tried because *it just wasn't ringing true to anything*, and that's – and it got to be almost laughable with some of his explanations – almost.

Sent. Tr. at 39-40 (emphasis added). Clearly, the Court found that false testimony ("it just wasn't ringing true") was willfully given ("he tried") about a material matter ("he couldn't talk the jury out of convicting him"). Further, the Fourth Circuit later reviewed Petitioner's testimony and noted that:

> [t]he only significant evidence countering the government's compelling evidence was Garries' own testimony. Garries denied being involved in any wrongdoing, but he offered no evidence to substantiate his claims, frequently claiming that the government had in its possession, but refused to turn over, the receipts or other documents that would show he was telling the truth. *His testimony was often self-contradictory and at times was patently incredible, and it simply failed to provide a coherent explanation for the testimonial and documentary evidence presented by the government.* . . . there is no reasonable probability that . . . the jury would have accepted Garries claims in the face of [the] overwhelming evidence.

*United States v. Garries*, 452 F. App'x 304, 311 (4th Cir. 2011) (emphasis added). It is clear that Petitioner attempted to obstruct justice via his trial testimony. It is impossible for the Court to find that there was any error in applying the enhancement for obstruction of justice, and so it cannot be the case that Petitioner's counsel was ineffective in not objecting to it.

### 6. Ground Seven – Witnesses

Ground Seven for Petitioner's § 2255 Motion concerns his trial counsel's decision not to

10

interview or call at trial a list of witnesses that Petitioner alleges to have provided to counsel. Petitioner has submitted no such list to the Court despite repeatedly insisting that he has done so. He did submit a letter that was purportedly sent to his appellate counsel concerning subpoenas that were allegedly not served on certain persons and entities by the U.S. Marshals before trial; however, that list is irrelevant to consideration of Ground Seven. Petitioner has also not offered any evidence that would convince the Court that any testimony from those purported witnesses would have been able to overcome the "overwhelming evidence" that was offered against him during trial. Therefore, his claim fails as to Ground Seven.

### 7. Ground Eight – Victim Qualification Under Mandatory Victims Restitution Act ("MVRA")

Petitioner next asserts that he received ineffective assistance of counsel because neither his trial attorney nor appellate attorney objected to the payment of restitution to victims that Petitioner asserts were actually unindicted co-conspirators. In support of his assertion he makes bald allegations unsubstantiated by any direct evidence. There is no substantiated evidence before the Court that would direct the Court to find that there was in fact a conspiracy between Petitioner and the victims of his fraudulent activities. There may have been connections between them for sure, but that is by definition always the case when fraud is involved. This Ground acutely lays bare what is pervasive throughout this entire matter, which is that Petitioner refuses to accept responsibility for his own actions and to stop trying to place the blame on others. Once again, the Court cannot find that Petitioner received anything less than competent and effective counsel throughout his trial and appeal.

### 8. Ground Nine – Failure to Pay Sales Tax

Finally, Petitioner filed a tardy addendum to his § 2255 Motion challenging the criminal history category increase that he received based on a prior conviction for failure to pay sales tax

and filing of a false tax return. He asserts that U.S.S.G. § 4A1.2 was improperly applied, that the failure to pay sales tax was more akin to a "fish and game violation" under § 4A1.2(c)(2) than any of the § 4A1.2(c)(1) offenses, and, therefore, that prior offense should have been excluded from calculating his criminal history category. During trial Petitioner admitted that he pled guilty to the charge of failure to pay sales tax and making a false statement on a tax return. He also conceded that the crime involved "intent to defraud." This puts the prior conviction squarely under § 4A1.2(c)(1), which states that if "the prior offense was similar to the instant offense" then it should be included. A past crime that involved "intent to defraud" is clearly related to the charges of fraud in the instant case. Therefore, Petitioner's counsel could not have been ineffective for failing to object to the calculated criminal history category based on the inclusion of that prior offense.

### B.    GROUND SIX – EVIDENCE WITHHELD BY THE GOVERNMENT

Turning away from the claims of ineffective assistance of counsel, Petitioner's sixth ground for vacating his sentence is his allegation that the Government failed to disclose exculpatory and mitigating evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He argues that, had that evidence been "turned over" by the Government and submitted during trial, he would have been exonerated or had a better chance at prevailing at trial. Oddly enough, much of the "evidence" that Petitioner refers to is public record, so it is unclear how the Government could have possibly failed to disclose something that was already disclosed to the public at large. Regardless, none of the "evidence" that Petitioner cites to would have exculpated him when set against the overwhelming evidence introduced at trial that established his individual guilt beyond a reasonable doubt. Furthermore, everything that is alleged in Petitioner's Ground Six could have been dealt with on direct appeal and so is procedurally defaulted for purposes of his § 2255 Motion.

## IV. CONCLUSION

The Court has examined and evaluated the § 2255 Motion filed by Petitioner and finds no reason to vacate any part of his sentence. The Petitioner has decidedly failed to show any reason for finding that he failed to receive effective assistance of counsel, despite his numerous (and oftentimes incredible and erroneous) assertions to the contrary. For the reasons set forth herein, the Court **DENIES** Petitioner's § 2255 Motion, ECF No. 154.

Petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. For the reasons stated herein, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Newport News, VA
November 12, 2013